*172 OPINION.
SteRnpiagen
: In 1918 Muller Schall & Co. were settling up their affairs after the dissolution of 1917. Pavenstedt and Muller-Schall, who were German nationals, had withdrawn from the business and *173 the firm liad been reorganized without them. They still had an interest in the Le More, Gairard and Coulon-Berthoud transactions.
At that time there appeared on the books (whether of the old firm or the new is in doubt), a debit balance against A. Le More & Co., including the five transactions, of $70,090.21. At the end of 1918 the bookkeeper charged off, or, as he expressed it, “ booked off ” $40,000 of this amount as a “bad debt.” This round figure is now alleged to be an estimate of the loss attributable to all but the Coulon-Ber-thoud transaction. This we can not adopt. The amount of the Coulon-Berthoud account was clearly shown by the boobs to be $16,369.12 plus $7.18 protest charges, or $16,376.30 in all. If the intention were to regard the remaining four items as wholly worthless and lost, this could have been recorded accurately and probably would have been. The writing off of $40,000 was, we think, not accompanied by the ratiocination that counsel would attribute to it. It was merely a general writing down of the account because of the uncertainty which existed in the extent of its recovery.
The statute does not permit the deduction of doubtful debts partly written off, Steele Cotton Mill Co., 1 B. T. A. 299, nor of possible or probable losses. The loss must be actually sustained in the taxable year to be deductible. The petitioner, feeling the difficulty of his original action in calling the charge a bad debt, urged its deductibility as a loss. Finally, he expresses indifference as to the category of the deduction, claiming it on either ground. He is in a dilemma. If he claims a bad debt, it must be proven to be ascertained as wholly worthless and charged off in the taxable year. The fact of worthlessness is perhaps softened by the proof of tona fide and sensible ascertainment. On the other hand, claiming a loss he must prove as a fact that it was actually sustained within the year. The sustained loss and not his ascertainment is the statutory factor.
Aside from being a partial charge-off, we are of opinion that in 1918 the outlook was not dark enough to justfy the view that the debt or any particular item was worthless. Le More & Co. was still in process of liquidation and with a prospect of further dividends. What its financial condition was does not appear. It is merely said that the attorney thought it was worthless, and that he was surprised when a 2 per cent and later a % per cent dividend were paid. The bookkeeper understood that a 2 per cent dividend might be expected. This is not probative of worthlessness. Alemite Die Casting & Mfg. Co., 1 B. T. A. 548.
As to recovery, from Gairard Fils on the two bills which they had accepted, we know only that in 1918 they were bankrupt in France, that they had paid a 12 per cent dividend through John Munro & Co , and that rumor had it that France had sequestered or confiscated *174 tho account. What this meant in 1918 no one was certain. It was not to be supposed that France would confiscate the property of American citizens, however it might treat that of enemy nationals. The present petitioner believed this, for subsequently he proceeded m France to assert his right and in 1921 recovered his full claim, although in depreciated francs. Thus at all times his claim was protected, he had the right of recovery, and in 1918, instead of a worthless debt or a substantial loss, he had a reasonable prospect of substantial recovery.
It is argued that this was a partnership matter, and as such it must stand or fall. This is only partly true. The ultimate French allowance was expressly prorated in accordance with the interest of the American partners, and there is no reason given why Muller did not got his full claim except for the drop in the value of the franc. It could not in the face of this be assumed that the partnership as a whole was to be treated as an enemy claimant and its claims wholly wiped out, including the share of allied citizens.
We therefore sustain the Commissioner’s disallowance of the deduction in 1918.

Judgment for the Commissioner.

Qbeen dissents.